[No. 1536.  Decided March 22, 1895.]

MARY A. GAFFNEY, *Respondent,* v. JOHN MEGRATH *et al., Appellants.*

ACTION OF UNLAWFUL DETAINER—SUFFICIENCY OF PLEADINGS—DOUBLE DAMAGES — FINDINGS BY COURT — JUDGMENT — COSTS ON APPEAL.

In an action of unlawful detainer a finding by the court, that the defendants became the successors and assignees of the original lessee "previous to the facts complained of in this action," is sufficient under an allegation in the complaint that the defendants "have at all the times mentioned in this complaint after the 1st day of January, 1893, and for a long time previous thereto, been entitled to and subject to all the right, interest, title and conditions arising from the said lease and contract as such party of the second part thereto."

In such an action, where the defendants in their answer set up that one of them had parted with his interest in the premises, the refusal of the court to make a distinct finding upon that issue is not error, when such issue is determined by a finding that the defendants "are now in possession of the said premises."

A respondent is entitled to costs on appeal, although the judgment in his favor is modified, if the appellant, on application to the lower court, could have secured a modification of the judgment.

A conclusion of law that the plaintiff is entitled to judgment as prayed in the complaint is sufficient, when based upon findings of fact made by the court upon issues which are not at all complicated.

In an action of unlawful detainer the plaintiff is not entitled to the double damages afforded by § 564, Code Proc., unless he specially claims the same in his complaint.

*Appeal from Superior Court, King County.*

Action of unlawful detainer, for the recovery of rents and taxes and the forfeiture of a lease instituted by Mary A. Gaffney against John Megrath and others. Trial by the court, who made findings of fact and conclusions of law. By the first, second and third findings it appears that Sarah M. Renton and husband, being the owners, rented the premises in controversy to Matthew Branagan and J. R. Smith, on November 9, 1889,

and that plaintiff became the owner thereof prior to the commencement of this action. The fourth finding sets out, "That thereafter and previous to the facts complained of in this action, the defendants, John Megrath and James McGough, became the successors and assignees of said Matthew Branagan under the lease and agreement as parties of the second part thereto." The court further found that defendants were in possession through sub-tenants, the rent due, its non-payment, notice to quit and unlawful detainer, and as a conclusion of law found "that the plaintiff herein is entitled to judgment as against the said defendants in all ways as prayed for in her complaint," making reference to the prayer of the complaint for "greater certainty." The prayer of the complaint was as follows: "Wherefore this plaintiff prays judgment that a writ of restitution issue out of this court against each and every of said defendants, requiring them and each of them to deliver to this plaintiff full and complete possession of said premises, and improvements thereon; that said lease, agreement and tenancy be declared forfeited; and that this plaintiff have judgment against the said John Megrath and James McGough, and each of them, in the full sum of five hundred and thirty-four dollars ($534), so due the said plaintiff for the rent of the said premises, and interest thereon from November —, 1893, and for the unpaid interest and assessments as above set out, and for costs and disbursements in this action, and for such other and further relief as to this court may seem just and right in the premises." From a judgment for plaintiff the defendants appeal.

*Blaine & De Vries*, for appellants.
*Richard Saxe Jones*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This is an action of unlawful detainer, and for the recovery of rents, etc. In the court below a jury trial was waived. Findings of fact and conclusions of law were made and entered. From a judgment entered thereon in favor of the respondent this appeal is taken.

Much of the brief of appellants is devoted to discussing the regularity of the findings tested by the complaint; but it appears from an examination of the record that the learned counsel for appellants, in the preparation of his brief, overlooked the fact that respondent was permitted to amend her complaint, and to the complaint as amended his objections are inapplicable and will not be considered.

The objection made to the fourth finding we do not consider is well taken. The complaint alleges that the appellants "have, at all the times mentioned in this complaint after the 1st day of January, 1893, and for a long time previous thereto, been entitled to and subject to all the right, interest, title and conditions arising from the said lease and contract as such party of the second part thereto." It was only material to know that the appellants became liable as lessees (or parties of the second part) at some time prior to the happening of the occurrences upon which respondent predicates her right to recover. The court so found.

Appellants, in their answer, claim that appellant Megrath parted with his interest in the premises on May 1, 1893, and they requested a distinct finding to that effect, which the court declined to make, and this is assigned as error. But this issue was determined against the appellants by the court's finding (No. 8) that appellants "are now in possession of the said premises," etc., etc.

Upon the facts as found by the court the appellants became liable for the performance of all of the conditions, and were bound by all of the stipulations contained in the lease devolving upon the parties of the second part.   We think the complaint is sufficient to uphold the findings, and it is to be presumed (no statement of facts having been brought to this court) that the findings were warranted by the evidence produced on trial.

Appellants contend that the court failed to make conclusions of law agreeably to § 379 of the Code of Procedure, and cite the case of *Bard v. Kleeb*, 1 Wash. 370 (25 Pac. 467), in support of their contention.   We do not think that case applicable to the point here sought to be made.   The issues in this case were not complicated, and the facts found by the court lead to but one conclusion; they entitle respondent to judgment as prayed in the complaint.   But, were we to concede the correctness of appellants' contention in this regard, it could not work a reversal of the judgment. It would be the duty of this court, upon the facts found and certified here, to direct the proper judgment.

The remaining question is this:   In her complaint respondent asks judgment for the sum of $861.29. Judgment was actually entered for $1,161.29, the court following the statute, § 564, Code Proc.   This court has held in *Hall & Paulson Furniture Co. v. Wilbur*, 4 Wash. 644 (30 Pac. 665), that a plaintiff was not entitled to the double damages afforded by that section unless he specially claimed the same in his complaint, and that the prayer of the complaint should govern the recovery in such cases.   We are satisfied with the conclusion reached in that case, and think it announces the correct rule of practice.   We think further that the court's *conclusion of law* did not authorize the entry

of judgment for any sum in excess of the $861.29, claimed by respondent in her complaint. It is to be presumed, however, that in this particular the court, upon application of the appellants, would have modified and corrected the judgment to conform to the prayer of the complaint. It does not appear that any such application was made to the lower court; hence we think that respondent is entitled to costs upon this appeal. The money judgment will be reduced to $861.29, and, as reduced, the judgment is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.