[No. 3645. Decided March 7, 1901.]

FRANK DORAN, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

TRESPASS RESULTING IN CONTINUED NUISANCE — ACTION FOR DAMAGES — LIMITATIONS.

Where a city in the improvement of a street constructed a bulkhead so negligently that it gradually gave way and encroached upon the premises of an adjoining lot owner to such an extent as to cause injury to a house situated thereon, the trespass constitutes an injury in the nature of a continuing nuisance, for which the party injured may recover accrued damages as often as he brings action therefor, and is not restricted to a single action to recover present and prospective damages; and hence the statute of limitations would not begin to run from the inception of the injury.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*W. E. Humphrey* and *Edward Von Tobel,* for appellant.

*John F. Dore, John W. Kelley, James J. McCafferty* and *J. S. Mulvey,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The plaintiff, Frank Doran, alleges that the defendant, the city of Seattle, negligently constructed a bulkhead in front of his premises, and on account of such negligence the bulkhead pressed against and injured his house. This suit was begun on the 24th day of January, 1898. The plaintiff's claim for damages was filed on the 13th day of September, 1897. On the trial, after the plaintiff had introduced his evidence, motion for non-suit was made by defendant and denied by the court. The jury returned a verdict in favor of the plaintiff. The question involved in this appeal is in relation to the statute of limitations, and that question is raised by the following instructions asked by the defendant:

"The plaintiff can have but one cause of action for damages under the facts of this case, and in the one action the plaintiff is entitled to recover for all damages, if at all, sustained by him, both past and prospective. The cause of action, if any, accrued to the plaintiff at the time of the first damages—no matter how small they may have been—that he sustained; and unless a claim for past and prospective damages was presented to the city council and filed with the clerk of the defendant within six months after the time the cause of action accrued, and the action was commenced within two years after the first damages were sustained, there can be no recovery, and your verdict must be for the defendant."

"The statute requires actions for damages such as are claimed in the complaint to be commenced within two years after the right of action has accrued. If you find that the damages accrued to plaintiff's property more than two years before the commencement of this action, no matter how small that damage may have been, then the whole claim is barred by the statute of limitations, and your verdict must be for the defendant. The law will not

permit the plaintiff to split his cause of action and to recover by piecemeal; but he must recover, if at all, for all damages, past and prospective, in one single action."

These instructions the court refused to give, but instructed as follows:

"If you believe, from a preponderance of the evidence in this case, that in building and maintaining the bulkhead in question the defendant has not used such care as ordinarily prudent city officials, having similar work in charge, generally exercise in erecting and maintaining entirely similar bulkheads, and that through such failure the house of plaintiff was, within six months immediately prior to the giving of this notice of claim of plaintiff to defendant, injured by the gradual sliding of said bulkhead, then your verdict will be for plaintiff in one such gross sum as will, in your opinion, from the evidence, just compensate plaintiff for such injury as so accrued within said six months immediately prior to the filing of said plaintiff's claim with defendant."

It is insisted by the appellant that, according to the instructions given by the court, the statute of limitations began to run from the time the injury ceased, and not from the time the right of action accrued; that the case was tried upon this theory, which was an erroneous one. Passing the question of the legality of the statute in relation to the presentation of claims before the commencement of the action and within a certain time after the damages had occurred, we will proceed to the main question involved, which is decisive of the case, granting, for the sake of argument, that the filing of the claim was necessary.

There are a few cases which support the theory of defendant that the statute of limitations begins to run from the inception of the injury. In *Powers v. Council Bluffs,* 45 Iowa, 652 (24 Am. Rep. 792), it was held that whenever a nuisance is of such a character that its continuance is necessarily an injury, and when it is of a

permanent character that will continue without change from any cause but human labor, then the damage is an original damage, and may be at once fully compensated. In *Town of Troy v. Cheshire R. R. Co.;* 23 N. H. 83 (55 Am. Dec. 177), the same doctrine was announced, although in that case it was held that if the act done was not necessarily injurious, or if it was contingent whether further injury would arise, the plaintiff could recover damages only to the date of his writ. In this connection it might be said that it would be difficult to tell in the case at bar whether the injury would continue, and, if so, to what extent. In *Fowle v. New Haven & Northhampton Co.,* 107 Mass. 352, it was held that a judgment against a railroad corporation for damages, not limited to those actually suffered at the date of the writ, for locating and constructing their road on the bank of a river, so as to divert its course and cause it to wash away the plaintiff's land, is a bar to a like action by him against them for subsequent damages from the same cause. But it will be observed that in this case the decision was placed upon the ground that the damages in the other case had not been limited to those suffered at the date of the writ, and the rule contended for by the appellant cannot be said to have been adopted in Massachusetts, as, in the subsequent case of *Prentiss v. Wood,* 132 Mass. 486, it is held that an action for damages sustained within six years by the wrongful continuance of a dam is not barred by the statute of limitations, although the dam was erected without right more than six years before the date of the writ; the court in that case saying:

"The ground taken by the defendants, that these suits are barred by the statute of limitations, cannot be maintained. A person who continues a nuisance is liable to successive suits, each continuance being a new nuisance,

and therefore the plaintiff in these actions is entitled to recover for all damages accruing after the award above referred to, it being within six years of the date of his writs"; citing *Hodges v. Hodges,* 5 Metc. (Mass.) 205.

The same doctrine was announced in *Wells v. New Haven & Northampton Co.,* 151 Mass. 46 (23 N. E. 724, 21 Am. St. Rep. 423), and the question of permanency, upon which some of the courts have distinguished the cases, was discussed as follows:

"If the defendant's act was wrongful at the outset, as the jury have found, we see no way in which the continuance of its structure in its wrongful form could become rightful, as against the plaintiff, unless by release or grant, by prescription, or by the payment of damages. If originally wrongful, it has not become rightful merely by being built in an enduring manner."

And the court noticed the decision in *Fowle v. New Haven & Northampton Co., supra,* and distinguished it from the case it was then deciding by saying:

"The plaintiff [in that case] had brought a former action in which he expressly declared for prospective damages, and he was allowed by the court to recover them, apparently without any objection on this ground from the defendant; and if he had been allowed to hold his second verdict he would have got double damages, which clearly was not permissible. The decision of that case does not necessarily imply that an action must have been brought within six years, or if it does, we cannot follow it; . . ."

The case upon which appellant largely relies is that of *North Vernon v. Voegler,* 103 Ind. 314 (2 N. E. 821), and the opinion, having been written by Judge Elliott, who is recognized by the bar of this country as a learned author and jurist, demands particular attention. In that case it was squarely held that in an action for injury to real estate caused by the negligence of corporation officers

in constructing a public work of a permanent character, as the grading of a street, all damages, past and prospective, can be recovered in one action; that they must be recovered in one suit; and that, for fresh damages resulting from the original wrong, a second action cannot be maintained. A very vigorous opinion is written in that case, but with due deference to the eminent judge who wrote the opinion, we are inclined to think that both reason and authority concur in overruling the rule there announced.

In *Uline v. New York Central, etc., R. R. Co.,* 101 N. Y. 98 (4 N. E. 536, 54 Am. Rep. 661), where an elaborate and painstaking investigation of this question was indulged in and the authorities collated, it was decided that where a railroad is unlawfully constructed in a street, in an action by an adjacent owner to recover damages, he is entitled to recover simply the damages sustained up to the commencement of the action, and that for any damages thereafter sustained, other actions might be brought successively until the nuisance should be abated. In the discussion of this question Judge EARL, who wrote the opinion for the court, in noticing the case of *North Vernon v. Voegler, supra,* and after discriminating that case to a certain extent from the one in question, said:

"But the case is also inferentially authority for the second ground of error upon which I have based my conclusion. . . . But I am of opinion that that decision is clearly unsound as to the precise question adjudged. What right was there to assume that the street would be left permanently in a negligent condition and then hold that the plaintiff could recover damages upon the theory that the carelessness would forever continue? A municipality or a railroad corporation under proper authority may erect an embankment in a street, and if the work be carefully and skillfully done it cannot be made liable for the consequential damages to adjacent property.

But if it be carelessly and unskillfully done, it can be made liable. It may cease to be careless, or remedy the effects of its carelessness, and it may apply the requisite skill to the embankment, and this it may do after its carelessness and unskillfulness and the consequent damages have been established by a recovery in an action. The moment an action has been commenced, shall the defendant in such a case be precluded from remedying its wrong? Shall it be so precluded after a recovery against it? Does it establish the right to continue to be a wrong-doer' forever by the payment of the recovery against it? Shall it have no benefit by discontinuing the wrong, and shall it not be left the option to discontinue it? And shall the plaintiff be obliged to anticipate his damages with prophetic ken and foresee them long before, it may be many years before they actually occur, and recover them all in his first action? I think it is quite absurd and illogical to assume that a wrong of any kind will forever be continued and that the wrong-doer will not discontinue or remedy it, and that the convenient and just rule, sanctioned by all the authorities in this state, and by the great weight of authority elsewhere, is to permit recoveries in such cases by successive actions until the wrong or nuisance shall be terminated or abated."

And it may be added that, under the logic of the doctrine announced in the Indiana case, the wrong doer might, by the payment of prospective damages, actually become permanently possessed of real property which, under the theory of the law, can only be taken by corporations under the provisions of the law in relation to eminent domain. In addition to this, the rule is inequitable, in that the damages in the first instance and before the statute of limitations expires may be so trifling that it would not justify litigation. It would be inequitable and not in accordance with good morals to estop a person from obtaining his rights or damages for injuries which might eventually become burdensome, because he was not

litigious enough to plunge into a law suit over a trifling matter. It is said by the appellant that the cases cited above are not in point for the reason that the wrongs committed were nuisances; but an examination of the many cases on this subject shows that they are treated in all instances as nuisances when they are wrong, and that the construction of that which is originally legal and right, if wrongfully constructed and maintained, may become a nuisance. Under the title "Trespasses Resulting in Continued Nuisances," it is said in 5 Am. & Eng. Enc. Law, p. 17:

"The rule here is a combination of the two rules just given. The institution of the wrong is treated as a trespass, while the continuance of it is treated as a nuisance. The damages for the original act of trespass are all to be recovered in the first action, but successive actions must be brought to recover for damages for the continuation of the wrongful conditions, and in these the damages are estimated only to the date of the bringing of each suit."

In *Aldworth v. Lynn,* 10 L. R. A. 210 (26 N. E. 229, 25 Am. St. Rep. 608), the rule of continuing damages was announced; the contention of the plaintiff in that case being that, if the damage resulted from a cause which was either permanent in its character or which was treated as permanent by the parties, it was proper that the entire damages should be assessed with reference to past and probable futures. The attorney in that case cited *Fowle v. New Haven & Northampton Co., supra,* and *Troy v. Cheshire R. R. Co., supra,* and the court in its opinion said:

"So far as there are intimations in the opinions of *Fowle v. New Haven & N. Co.,* which seem to make the case an authority for the plaintiff's contention in the case at bar, we are not inclined to follow them."

In *Mayor of Nashville v. Comer,* 7 L. R. A. 465 (12

S. W. 1027), it was held that damages for an alleged negligent construction of a sewer, in consequence of which plaintiff's premises are injured by discharge therefrom, must be limited to the actual damage sustained up to the time of bringing suit, and cannot include prospective damages on the ground that the defects are permanent, although human labor will be necessary to remedy the defects.    In this case the same cases were cited, viz., *Troy v. Cheshire R. R. Co., supra,* and *Powers v. Council Bluffs, supra,* to sustain the doctrine that all the damages must be included in one suit, and the court in passing upon that question, after laying down the rule that damages could be assessed only up to the time of the writ, and after reviewing the arguments in the cases cited to sustain the opposite contention, among other things said:

"This seems to us an artificial and arbitrary test.  There are supposable nuisances, which, by the effect of time, might at last abate themselves, but by far the greater number of trespasses, wrongs and nuisances would continue indefinitely, without the expenditure of human labor to remove or abate them.  It is a rule which does not recommend itself by either its reasonableness, its certainty of application or its justice."

And, after noticing the rule announced in *Troy v. Cheshire R. R. Co., supra, and Powers v. Council Bluffs, supra,* it continued:

"Thus the application of the rule now contended for would require a plaintiff to foresee all the possible results, and to convince a jury of what he, with prophetic ken, is required to foresee, on penalty of subsequently having to quietly endure consequences which he could not reasonably have conjectured as likely to result from what at first seemed a trifling injury.  The cases of *North Vernon v. Voegler,* 103 Ind. 314, and *Fowle v. New Haven & N. Co.,* 112 Mass. 334, have been examined, and we find

that they do measurably support the contention of defendants in error. None of these cases are satisfactory in their reasoning and the decided weight of authority is opposed to them."

See, also, *Blunt v. McCormick,* 3 Denio, 283; *Greene v. New York Central, etc., R. R. Co.,* 65 How. Pr. 154; *Powers v. Ware,* 4 Pick. 106; *McGuire v. Grant,* 25 N. J. Law, 356 (67 Am. Dec. 49); *Schell v. Plumb,* 55 N. Y. 592; *Mahon v. New York Central, R. R. Co.,* 24 N. Y. 658.

The rule contended for by appellant, it sems to us, would work unnecessary hardship, is fraught with doubt and uncertainty in its application, and we are not inclined to adopt it. The instructions of the court were without error, and the judgment is therefore affirmed.