[No. 6545.  Decided March 2, 1907.]

## D. OLSON, *Respondent*, v. A. C. GOERIG, *Appellant*.[1]

NEGLIGENCE—CONTRACTS—PERFORMANCE—MEASURE OF DAMAGES—
DEFENSES—OFFER TO REPAIR. The measure of damages for so negli-
gently performing a contract for excavating as to cause a house to
fall, is the difference between the value of the house immediately
before and after the fall, and an offer to repair the house for a
certain sum could only be considered on the question of damages
and not as a defense to the action.

APPEAL—REVIEW—HARMLESS ERROR. Failure to make proper con-
clusions of law is not ground for reversal.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 18, 1906, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action for damages for the
negligent performance of a contract. Affirmed.

*Brown, Leehey & Kane*, for appellant.
*Bamford A. Robb* and *Israel Nelson*, for respondent.

RUDKIN, J.—On the 12th day of July, 1905, the plaintiff
and defendant entered into a written contract whereby the de-
fendant agreed to excavate certain property belonging to
the plaintiff, in accordance with the specifications thereto
attached, and to place proper underpinning under the house
situated thereon so as to hold the same in place. The de-
fendant entered upon the performance of this contract and
so negligently conducted the work that the supports under
the house gave way, and in consequence the house fell a
distance of seven or eight feet and was wrecked and de-
stroyed. This action was brought to recover damages for
the injury resulting from the wrecking of the house. The
case was tried before the court, without a jury, and resulted

[1]Reported in 88 Pac. 1017.

in findings and a judgment in favor of the plaintiff in the sum of $1,125. From this judgment the defendant has appealed.

The principal questions presented by the appeal are questions of fact. The execution of the contract for the work was admitted, the court found that the house was of the value of $1,500, that it fell through the negligence and carelessness of the appellant, and that in the fall it became wrecked and ruined and was rendered utterly valueless. In disposing of the case the learned judge said:

"The preponderance of the testimony, both from the standpoint of the number of witnesses and the evidence itself, it seemed at the close of the trial was in favor of the plaintiff, and this impression was strengthened by a personal inspection of the premises which I made at the close of court yesterday afternoon."

After reading the testimony and inspecting the photographs attached to the statement of facts, we are unable to reach a different conclusion.

Complaint is made on the score that the court ignored the offer on the part of the appellant to repair the building for the sum of $300. A cause of action accrued as soon as the wrong was committed, the measure of damages was the difference between the value of the house immediately before and immediately after the fall, and the offer of the appellant to repair could be considered only in connection with the question of damages, and not as a defense to the action. Complaint is further made that the court failed to make proper conclusions of law, but such failure would not necessitate or warrant a reversal of the judgment. *Gaffney v. Megrath*, 11 Wash. 456, 39 Pac. 973.

There is no error in the record and the judgment is affirmed.

HADLEY, C. J., FULLERTON, ROOT, DUNBAR, MOUNT, and CROW, JJ., concur.