[No. 17879. Department One. July 5, 1923.]

JOHN ALLBIN et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

JUDGMENT (226)—RES JUDICATA—MATTERS CONCLUDED. A judgment for damages to an abutting lot to the time of the trial in 1918, from a slide caused by the negligent grading of a street, based on findings that a dwelling house was practically destroyed and rendered unfit for use and on the impaired market value of the lot, is not res judicata and a bar to a subsequent action for damages to the lot and to the house after it was repaired and moved back, from further slides in 1920, caused by the city's negligent repairing of an old bulkhead.

MUNICIPAL CORPORATIONS (190)—REMOVAL OF LATERAL SUPPORT—CONTRIBUTORY NEGLIGENCE. In a second action against a city for further damages to an abutting lot and injury to a dwelling, caused by further slides, after payment of a judgment for damages caused by an earlier slide practically destroying the same dwelling, the jury should determine whether the plaintiffs were, under the circumstances, negligent in the use of their property, in moving back and repairing the house on the assumption that the angle of repose had been reached.

MUNICIPAL CORPORATIONS (191)—DAMAGES (60)—MEASURE—REMOVAL OF LATERAL SUPPORT—EVIDENCE—ADMISSIBILITY. In an action against a city for damages to an abutting lot and injury to a dwelling caused by a slide, evidence of the cost of moving back and repairing the house is admissible as bearing on the measure of damages, which is the difference between the value of the lot before and after the slide.

[1]Reported in 216 Pac. 879.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 16, 1922, upon granting a nonsuit, dismissing an action for damages to real property.   Reversed.

*Preston, Thorgrimson & Turner,* for appellants.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for respondent.

MACKINTOSH, J.—The appellants are the owners of three lots in the city of Seattle, upon one of which is situated a dwelling house, and began this action to recover damages occasioned by a slide which occurred in January, 1920, alleged to have been caused by the city's improper repair of a bulkhead in the street in front of the property.   In affirmative answers to the complaint the respondent pleaded, (1) that the matter in suit was *res adjudicata,* by reason of an action between the same parties for damages to the same property; and (2) that the appellants were guilty of contributory negligence.

It appears that, in 1913, the respondent graded the street referred to and thereby caused a slide which damaged the appellant's property upon which was then situated a house; that an action was begun for these damages, which was tried and judgment rendered for the appellants, which was paid. While the respondent's affirmative defense pleads that this former action was one to obtain damages "for the total destruction of their three-story dwelling house. . . . the making of said lots unfit for use, the practical destruction of the market value thereof," the appellant's reply only admits that "these plaintiffs sued the city for damages sustained at the time of the commencement of said suit in April, 1915." On the trial of the present case, no part of the record of the

former one was introduced in evidence except the findings of fact, conclusions of law and judgment, so we are compelled to look to them alone to discover what has been previously litigated between the parties. The court found that the city's negligence in grading the street and failing to provide a bulkhead had caused the plaintiffs' (appellants here) property to "slide forward several feet and sink downward, practically destroying said dwelling house and making it entirely unfit for use from and after said date," and "that the market value of said premises has been damaged on account of injuries sustained from and after February 10, 1914, up to the time of trial. . . . in at least the sum of $4,500. . . ." and judgment was entered February 2, 1918, for that amount.

The respondent says: "The controlling question here is whether, under the pleadings, findings of fact, conclusions of law, and judgment in cause No. 108508, the total destruction of appellants' residence, improvements and market value of their lots was a matter in issue and determined as between the parties to this suit. That it was a matter in issue and a determinative issue and was actually decided in the former case is clear." We can agree with its statement of the question, but not with the answer given, for, from the record before us, the former case did not consider the question of the total destruction of the property. In 1918, after the judgment had been paid, the appellants moved the dwelling back into place and repaired it, so that, it is alleged, it was in as good condition as before the first slide. No further slides happened until the one in January, 1920, which is the origin of this suit.

The appellants allege that this slide was caused by the respondent's act in December, 1919, in negligently repairing the old bulkhead, and their testimony went to

establish this contention. They make some contentions that, under the doctrine of *Doran v. Seattle,* 24 Wash. 182, 64 Pac. 230, 85 Am. St. 948, 54 L. R. A. 532; *Farnandis v. Seattle,* 95 Wash. 587, 164 Pac. 225; and *Island Lime Co. v. Seattle,* 122 Wash. 632, 211 Pac. 285, they are entitled to recover on the theory of continuing damages. But the record does not support this suggestion, there being nothing in the proof to support it. They present a case of original negligence on the part of the respondent in so repairing the bulkhead as to disturb a situation which had become fixed and secure after the termination of the first slide, and in this view of the case it does not become material that the dwelling now injured happened to be the same one involved in the earlier case. If the appellants were justified in their belief that the angle of repose had been reached and that no further slides were to occur and that all was made secure by the work done by the city, the fact that, instead of building a new structure, they rebuilt an old one, goes to the amount of their recovery and not to their right. The defense of contributory negligence was one that was not proved as a matter of law by the appellants' testimony, which is all there is before the court, and the court was therefore in error in sustaining the challenge to the evidence. The jury should have passed on the question of whether or not, under all the circumstances, and with the knowledge that the appellants had of the situation, they were negligent in their use of their property.

One other matter raised on appeal needs notice. In attempting to prove their damages, appellants offered to show the cost of moving the house back into place and repairing it so as to restore it to the same condition it was in prior to the last slide. This proffered testimony was rejected. The appellants admit that the

true measure of damages is the difference in market value before and after the slide, and did not offer this proof as a measure, but as bearing on that question, and, under the following decisions, it would appear that it should have been so admitted: *Olson v. Goerig*, 45 Wash. 541, 88 Pac. 1017; *Elston v. McGlauflin*, 79 Wash. 355, 140 Pac. 396, Ann. Cas. 1916A 255.

Judgment reversed and new trial ordered.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.