[No. 18648. Department One. July 9, 1924.]

JOHN ALLBIN *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

JUDGMENT (226)—RES JUDICATA—MATTERS CONCLUDED. A judgment for damages to an abutting lot to the time of the trial in 1918, from a slide caused by a negligent grading of a street, based on findings that a dwelling house was practically destroyed and rendered unfit for use and on the impaired market value of the lot, is not *res judicata* and a bar to a subsequent action for damages to the lot and to the house after it was repaired and moved back, from further slides in 1920, caused by the city's negligence long after the termination of the prior suit.

APPEAL (371)—REVIEW—HARMLESS ERROR—CORRECT DECISION ON ERRONEOUS GROUND. Error cannot be assigned on an instruction that a matter of defense had been adversely determined and was *res judicata,* where there was no such defense and the issue should have been withdrawn from the jury, which was the effect of the instruction.

TRIAL (14)—CONDUCT—COMMENT ON EVIDENCE BY JUDGE. It is not unlawful comment on the evidence for the court to ask a question for the purpose of developing counsel's position, and it must have been so understood by the jury.

[1]Reported in 227 Pac. 322.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 12, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages to real property. Affirmed.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for appellant.

*Preston, Thorgrimson & Turner,* for respondents.

TOLMAN, J.—This case was before this court heretofore on plaintiffs' appeal from a judgment of nonsuit (125 Wash. 437, 216 Pac. 879), and that judgment was reversed and the cause sent back for a new trial. The new trial resulted in a judgment against the city in the sum of $5,000, from which it now appeals.

The previous history of the case is sufficiently set forth in the former decision, and it was there held on the basis of the evidence then before the court:

"They [the issues] present a case of original negligence on the part of the respondent in so repairing the bulkhead as to disturb a situation which had become fixed and secure after the termination of the first slide, and in this view of the case it does not become material that the dwelling house now injured happened to be the same one involved in the earlier case. If the appellants were justified in their belief that the angle of repose had been reached and that no further slides were to occur and that all was made secure by the work done by the city, the fact that, instead of building a new structure, they rebuilt an old one, goes to the amount of their recovery and not to their right. The defense of contributory negligence was one that was not proved as a matter of law by the appellants' testimony, which is all there is before the court, and the court was therefore in error in sustaining the challenge to the evidence. The jury should have passed on the question of whether or not, under all the circumstances, and with the knowledge that the appellants

had of the situation, they were negligent in their use of their property.''

Upon the last trial, in addition to the findings of fact, conclusions of law and judgment entered in the prior suit, which was commenced in April, 1915, there was also introduced in evidence the amended complaint, answer, and reply in that case, and it is contended that this additional evidence establishes the fact that the respondent here, as plaintiff there, sued for and recovered for the total destruction of the improvements, and the practical destruction of the market value of the lots, and therefore that the former action is *res judicata* of this. It may be admitted that the allegations contained in the pleadings in the former action are as broad as stated, being ''said house and other improvements have been totally destroyed, and said lots rendered unfit for use, and the market value thereof has been practically destroyed''; but all of this (if we disregard the findings of fact, which show that, as usual, the statements in the pleadings are somewhat exaggerated) was alleged to have occurred as the result of what the city did and failed to do in 1913 and 1914, and it is conceivable that the house and other improvements might be totally destroyed as such, and yet there may remain a salvage value in the wreck. So, also, the lots might then have been unfit for use and the market value practically or wholly destroyed, and yet these same lots might be restored to usefulness, and if so, and if the angle of repose had been reached, they would again become marketable. At any rate, respondent is now suing for damages which were caused to the restored property by the city's act of December, 1919, long after the termination of the prior suit. These matters at most would only go to the value of the property immediately prior to

the infliction of the damage sued for. Manifestly, the prior action cannot be *res judicata* as to matters which could not have been foreseen and which occurred after its termination. It was not a condemnation action. The city did not acquire the title upon paying the former judgment, and since the title remained in respondents, they were free to do with the property as they would, subject, of course, to the usual rule that a negligent use, if contributing to the damage for which suit was brought, would defeat recovery, as was recognized in the prior decision.

Technically the court might have erred in instructing the jury that the issue of *res judicata* had been determined adversely to the city by the supreme court on the prior appeal; but as we have seen, the facts being undisputed, as a matter of law no such defense existed, and it was the duty of the court to withdraw that issue from the consideration of the jury. It matters not what form of words was used in so doing.

We have examined with care each of the errors assigned upon the giving and refusal of instructions and the admission of testimony, and find that the trial court followed with fidelity the opinion of this court on the prior appeal, hence no good purpose would be served by discussing them in detail.

The supposed comment on the evidence by the trial court occurred in a colloquy with counsel regarding the admissibility of certain testimony, and as we read it, together with what went before and what followed, we are satisfied that it was intended as a question to develop counsel's position, which purpose it served, and it must have been so understood by the jury. It was not a comment within the meaning of the constitutional provision on that subject.

Finding no error, the judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.