149 P.3d 361 (2006)
Myrtle E. WOLDSON, Petitioner,
v.
John G. WOODHEAD, Sr., and Jane Doe Woodhead, husband and wife, Respondents.
No. 77707-1.
Supreme Court of Washington, En Banc.
Argued October 17, 2006.
Decided December 21, 2006.
*362 Dennis Patrick Hession, Daniel Edward Huntington, Richter-Wimberley PS, Spokane, WA, for Petitioner.
Steven Lawrence Jones, Eymann Allision Fennessy Hunter Jones PS, Spokane, WA, for Respondents.
CHAMBERS, J.
¶ 1 We must decide whether continuing trespass damages incurred after a case is filed may be recovered in the original action. This particular question has not been considered by this court before. The trial court awarded damages from three years before the action was filed until at least the time of trial, slightly more than six years.[1] The Court of Appeals, construing several of our previous decisions on continuing trespass, concluded our case law demands a limitation on damages to the period of three years before the case was filed, requiring that a party file a new lawsuit every three years.
¶ 2 We recognize that our previous holdings may have misled the Court of Appeals. We clarify and hold that continuing trespass damages are available from the beginning of the trespass, but no more than three years before the filing of the lawsuit, until the trial begins. Successive lawsuits are permitted if the trespass is not abated following trial, so long as there is no double recovery of damages. We reverse the Court of Appeals and remand to the trial court for determination of damages up to the point of trial.

FACTS
¶ 3 Myrtle Woldson and John Woodhead are neighbors. Their houses were built in 1915 and 1917, respectively. A rubble masonry wall dividing the properties was built around the time the homes were constructed. The wall is approximately 170 feet long, 3 1/2 feet high, and 15 inches deep. It runs north to south and most of it is located on Woldson's property. The entire length of the wall is mortared, but the wall has a very loose core and interstitial spaces are not filled with mortar.
¶ 4 During the 1960s, fill dirt was used to artificially raise the level of Woodhead's property.[2] The rubble masonry wall became a retaining wall for the extra dirt on Woodhead's land, a use not contemplated by its original design. Woodhead was not himself the cause of the wall's conversion; this was done by prior owners of the land who later built a carport next to the wall. Subsequent owners built a garage using the carport as a base, increasing the pressure exerted against the wall. The Woldson family purchased their home in 1943, and Myrtle has lived there since that time. Woodhead purchased his home in 1986.
*363 ¶ 5 Over time, Woldson's basalt wall crumbled and cracked due to lateral earth pressure exerted against the wall by Woodhead's dirt. As the fill dirt stressed the wall, it seems it also strained the harmony between the neighbors. At any rate, Woldson filed a lawsuit on July 7, 2000, claiming a nuisance, an unlawful taking under article I, section 16 of the state constitution, and a continuing trespass. All but the continuing trespass claim were dismissed at summary judgment as barred by the statute of limitations. Woodhead's motion to dismiss the trespass claim was denied because the court found that "the action of placing fill dirt on the east side of the Plaintiff's basalt wall is a trespass." Clerk's Papers at 68. The court also held that damages were limited by the statute of limitations; only those damages incurred from three years prior to the filing date up until judgment could be recovered. Trial was set to determine damages.
¶ 6 The trial began in August 2003. The trial court relied upon expert testimony and concluded that 90 feet of the wall appeared to be in fairly good condition, and about 80 linear feet of the wall should be replaced. The court concluded the cost to remove and replace that portion of the wall to be $885 per foot or $70,762. The court found that 45 percent of the damage to the wall occurred within the applicable limitations period. Although the court authorized damages up until judgment, it appears from the record damages were actually calculated only for injuries sustained before trial.[3] Woldson was awarded $33,353 in damages.
¶ 7 Woodhead appealed the award to the Court of Appeals, challenging the sufficiency of the evidence and the trial court's legal conclusion that the statute of limitations allows recovery for damages sustained beyond the date of filing. In an unpublished opinion, the lower court found sufficient evidence but reversed on the legal question, holding:
Typically, a plaintiff can establish her damages in one proceeding. But Washington courts have held otherwise when dealing with continuous trespass actions. These cases have restrictive limitation periods and only damages occurring within that period can be recovered. Ms. Woldson's damages are therefore limited to the period from July 7, 1997 to July 7, 2000. In order to obtain damages after July 7, 2000, she must file a successive action. The court erred by awarding her damages through the date of judgment.
Woldson v. Woodhead, noted at 129 Wash. App. 1009, 2005 WL 2009540, *2, 2005 Wash. App. LEXIS 2112, at *5.

STANDARD OF REVIEW
¶ 8 We are asked to review the application of RCW 4.16.080(1) to the tort of continuing trespass. This is a question of law reviewed de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002).

CONTINUING TRESPASS
¶ 9 With most torts, a single isolated event begins the running of the statute of limitations. With most torts, past damages are those damages that accrued from the tortious event until trial or judgment. A continuing trespass tort is different; the "event" happens every day the trespass continues. Every moment, arguably, is a new tort. Thus, the statute of limitations does not prevent recovery for a continuing trespass that "began" before the statutory period; instead the statute of limitations excludes recovery for any trespass occurring *364 more than three years before the date of filing. Further, because the continuing offending intrusion upon the property may be removed or abated at any time, future damages are inherently speculative and may not be awarded. Neither party disputes these basics.

AUTHORITIES
¶ 10 The question before us is whether the particular character of a continuing trespass prevents a court from awarding damages accrued between the date of filing and the date of trial or judgment. While we have touched on this issue before, we have not had occasion to decide it. We turn first to the cases relied upon by the court below.

Doran v. City of Seattle
¶ 11 In Doran v. City of Seattle, 24 Wash. 182, 64 P. 230 (1901), this court rejected the city's contention that all continuing nuisance[4] damages, past and prospective, must be recovered in a single action and that the statute of limitations runs from the inception of the nuisance. Frank Doran was a property owner whose house, he claimed, suffered damage as a result of a negligently constructed bulkhead. The bulkhead, built by the city of Seattle, pressed against his house. Doran brought suit for nuisance in September 1897, when the statute of limitations for such a claim was two years. The city argued the statute began to run when the bulkhead first damaged Doran's property and that his claim was thus time barred.
¶ 12 We disagreed. We held, "[i]t would be inequitable and not in accordance with good morals to estop a person from obtaining his rights or damages for injuries which might eventually become burdensome, because he was not litigious enough to plunge into a law suit over a trifling matter." Doran, 24 Wash. at 188-89, 64 P. 230. The court permitted Doran to sue for the damages caused by the nuisance suffered during the two years before he brought the lawsuit.
¶ 13 We also rejected Seattle's argument that future damages must be recovered in one action. We disapproved of awarding prospective damages in a continuing nuisance claim. "[T]he wrong doer might, by the payment of prospective damages, actually become permanently possessed of real property which, under the theory of the law, can only be taken . . . in relation to eminent domain." Id. at 188, 64 P. 230. This result was later endorsed by Island Lime Co. v. City of Seattle, 122 Wash. 632, 634, 211 P. 285 (1922), and Davis v. City of Seattle, 134 Wash. 1, 6-7, 235 P. 4 (1925), where we added that an award of prospective damages denied the defendant the right to mitigate damages by abating the tortious encroachment.
¶ 14 None of these cases suggest damages should not be awarded for a nuisance (or trespass) proved to have already happened. A rejection of damages for predicted future harms is not a rejection of an award for proven damages.

Bradley v. American Smelting and Refining Company
¶ 15 We turn now to a more recent case. Michael and Marie Bradley lived on Vashon Island. Microscopic airborne particles of heavy metal from American Smelting and Refining Company in Ruston had fallen on their land since 1905. In 1983, they brought suit in federal court, claiming a nuisance and continuing trespass. The federal court certified questions to this court, asking us to decide whether the pollutants constituted a trespass and what effect the statute of limitations had on the tort of continuing trespass.
¶ 16 We held the factory's conduct was a trespass. Bradley v. Am. Smelting & Ref. Co., 104 Wash.2d 677, 691-92, 709 P.2d 782 (1985). As a trespass, the three-year statute of limitations set forth in RCW 4.16.080(1) applied. Id. at 693, 709 P.2d 782. Finally, we held, "the tort falls within the theory of continuing trespass." Id. (emphasis added). As such, damages were available within "the *365 3-year period preceding suit." Id. at 695, 709 P.2d 782.
¶ 17 Bradley does not prevent the recovery of damages incurred after the lawsuit is filed. We recognize that the following line might cause confusion: "we find it proper to also require that damages claimed not extend past the 3-year period of limitations." Id. at 693-94, 709 P.2d 782.
¶ 18 This is a retrospective limit. We did not limit damages to the sum total of three calendar years. Instead, we held that damages cannot be claimed past, i.e., before, the period of limitations. In other words, damages may not be claimed based on injuries sustained more than three years prior to filing.

Fradkin v. Northshore Utility District
¶ 19 Finally, Fradkin v. Northshore Utility District, 96 Wash.App. 118, 977 P.2d 1265 (1999), involved a trespass claim brought against a utility company for negligently installing a sewer line causing water to flood the plaintiff's property. In October 1990, Northshore Utility District, building a sewer line through Frank Fradkin's property, accidentally obstructed several drainpipes that carried rainwater from the property to a nearby creek. The loss of the drainpipes left Fradkin's property, in the words of the court, "bog-like." Id. at 121, 977 P.2d 1265. Fradkin brought a lawsuit in May 1997; the utility district claimed his action was barred by the statute of limitations.
¶ 20 The court noted the initial injury occurred seven years prior to filing the suit. It held that if the action were for a continuous trespass then recovery for the three years of trespass prior to filing was not barred by the statute of limitations. The court concluded, "it remains an issue of fact for the jury to decide whether Northshore trespassed, and, if so, whether the trespass was continuing or permanent. If the jury finds a continuing trespass, Fradkin is not time-barred from recovering damages occurring after May 12, 1994." Id. at 126, 977 P.2d 1265. The court did not limit recovery of damages incurred after filing the suit. Again, the only limit is retrospective; the plaintiff cannot recover for damages that happened more than three years before filing.

CONCLUSION
¶ 21 The Court of Appeals correctly reported the usual rule: damages that can be proved at trial are typically recovered in one proceeding. Woldson, 2005 WL 2009540, *2, 2005 Wash.App. LEXIS 2112, at *5. The lower court felt bound by precedent, not reason, to depart from our standard method of remedying proven harms. We conclude that the proper period for an award of damages for continuing trespass is three years before filing until the date of trial. The usual and established rule with respect to accrual of actions, proof of damages, and entry of judgment are founded on accepted and tested principles. Consistency and continuity reduces complexity in the law. Exceptions to the general rule should be based only upon compelling reasons. None appears here.
¶ 22 Although the unique nature of the tort of continuing trespass requires limiting recovery to three years before filing and although the fact the trespass can be abated at any time requires a bar against future damages, there are no sound reasons to prevent an award for proven damages between filing and trial. The facts of this case amply demonstrate the wisdom of allowing a trial court to award damages for injuries sustained after filing. Trial commenced more than three years after filing. Limiting recovery to the three years between the beginning of the statutory period and filing would require that Woldson, to preserve her rights, file a second and perhaps third lawsuit before her first lawsuit came to trial. Neither reason nor judicial economy supports such a result. However, because the trespass can be abated between trial and the entry of judgment, we limit damages to the time of trial and not judgment.
¶ 23 With respect to the tort of continuing trespass, we hold: first, the statute of limitations does not run from the date the tort begins; it is applied retrospectively to allow recovery for damages sustained within three years of filing. Second, damages are recoverable from three years before filing *366 until the trespass is abated or, if not abated, until the time of trial. Third, prospective damages are not allowed; if the trespass continues past trial successive suits may be brought to remedy such injuries until the trespass ceases. Because we are unable to discern whether the trial court awarded damages until the time of trial or judgment, we reverse the Court of Appeals and remand to the trial court for determination of damages up to the point of trial and entry of judgment in favor of Woldson.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, RICHARD B. SANDERS, JAMES M. JOHNSON and BOBBE J. BRIDGE, JJ.
NOTES
[1] The record is unclear as to whether damages were awarded up to trial or judgment.
[2] Woodhead disputed this version throughout trial and at every stage of his appeal, but these facts are not under review.
[3] The findings of fact indicate the court felt authorized to award damages up until judgment. Whether damages were in fact so awarded is less clear. The trial court based damages on an investigation that observed changes in the wall from 2001 to 2003. Destruction of the wall was observed to extend over 32 feet as of 2003. The judgment, entered in 2004, awarded damages based on destruction covering 30 feet (rounded). This suggests, as a practical matter, the judgment awarded damages only for injuries documented in an investigation that preceded not only the judgment but the trial. This issue must be resolved by the trial court on remand; damages in a continuing trespass may not be awarded for injuries sustained after the trial. Unlike other torts, the offending conduct and subsequent damages in a continuing trespass may be abated  the dirt, in this case, could be removed following trial but before judgment. As such, it is improper to award damages that have not been proved at trial; they are inherently prospective and, as explained below, prospective damages may not be awarded for a continuing trespass.
[4] Though resolving a continuing nuisance claim, Doran has been cited to support the same statute of limitations formula used for continuing trespass claims by the Supreme Court in Bradley v. American Smelting & Refining Co., 104 Wash.2d 677, 709 P.2d 782 (1985). See Fradkin v. Northshore Util. Dist., 96 Wash.App. 118, 977 P.2d 1265 (1999).