SOUTH ATLANTIC WASTE COMPANY v. RALEIGH, CHARLOTTE AND SOUTHERN RAILWAY COMPANY.

(Filed 2 December, 1914.)

1. Railroads—Easements—Equity—Restraining Order—Injunction.

*Semble*, an owner of a lot on a city street, after having been refused a restraining order in the Superior Court against a railroad company from continuing the construction of the roadway in front of his property on the street, and from which order he has not appealed, is not entitled to consideration in equity upon his application thereafter for a permanent injunction against the continued use of the road by the common carrier, which had been put into full operation. *Griffin v. R. R.*, 150 N. C., 315, · cited and applied.

2. Same—Municipal Authority—Damages.

The defendant railroad company in this case petitioned the city to change the location of one of the streets by using for street purposes a strip · of land the defendant owned, and to permit it to use the street running in front of plaintiff's property for its roadway and railroad purposes, which was granted, and the road constructed in accordance with a blue-print, etc., filed with the petition and under the direction and supervision of the city engineer and with the approval of the city authorities. *Held*, the location of the road through the city was a matter to be determined by the city authorities, and the plaintiff is not entitled to injunctive relief, the remedy being in an action for damages.

3. Railroad—Easements—Abutting Lands—Ingress to Lands—Damages—Evidence.

Damages are recoverable of a railroad company which has constructed its railroad along and upon a city street upon which the plaintiff's lands abut, whether the plaintiff has shown any title to the street, or not, which arise from the inconvenience the plaintiff has sustained by reason of the interruption of access to his property, by rendering it less convenient for the purposes to which he had put it; and it is held competent, in this case, for the plaintiff to show that by the construction of the railroad at this place the plaintiff's ingress and egress had been impaired to and from leased property used in connection with its business conducted there.

4. Railroads — Easements — Abutting Lands—Depreciation—Damages—Evidence.

When compensatory damages are recoverable from a railroad company by an owner of lands abutting on the street by reason of its construction

of its roadway upon the street, it is competent for the plaintiff to show the diminution in value to his property by reason of the construction complained of, and while a witness testifying in behalf of the plaintiff may not be able to express in dollars and cents the amount of the damages caused, they may, in proper instances, give their opinion that the property has been damaged a certain per cent of its value.

5. Railroads—Easements—Abutting Lands—Measure of Damages.
   The plaintiff sues a railroad company for damages to his property arising from its constructing and operating its railway upon the street in front of his lot abutting thereon, and it is held that the defendant's prayer for instruction asking that the jury should not take into consideration any effect upon the mere appearance of the plaintiff's property caused by the construction of the road was substantially incorporated in the charge given, of which the defendant cannot complain.

APPEAL by both parties from *Adams, J.*, at May Term, 1914, of MECK-LENBURG.

PLAINTIFF'S APPEAL.

Civil action to permanently enjoin defendant from operating its railway along what was Brevard Street in Charlotte in front of plaintiff's property and for permanent damages if injunction is denied.

His Honor, after hearing all the evidence, denied the injunction, and submitted the issue of permanent damages to the jury. The plaintiff appealed from the judgment denying the injunction.

*Cameron Morrison, D. B. Smith, J. H. McLain for plaintiff.*
*Pharr & Bell for defendants.*

BROWN, J. The application of plaintiff for an injunction certainly comes very late, and seems to have but little merit. Before the railroad was constructed along Brevard Street, and when construction work reached plaintiff's property, plaintiff sued out a restraining order, enjoining the further construction of the railway. The matter was heard by *Webb, J.*, and the restraining order dissolved. The plaintiff appealed, but did not prosecute the appeal.

The defendant thereupon proceeded to finish its construction work and completed its road, and it is now in full operation as a common carrier. Under such circumstances the plaintiff has very little claim upon the interference of a court of equity in its behalf. It should have prosecuted its appeal and not have stood by and seen the road constructed and in operation and again ask the court to interfere.

As is well said in *Griffin v. R. R.:* "It is against the policy of the law to restrain industries and such enterprises as tend to develop the country and its resources. It ought not to be done except in extreme cases, and this is not such a one. It is contrary to the policy of the law to use the

extraordinary powers of the court to arrest the development of industrial enterprises, or the progress of works prosecuted apparently for the public good as well as for private gain. The court will not put the public to needless inconvenience. The court should have dissolved the restraining order." *Griffin v. R. R.,* 150 N. C., 315; *Navigation Co. v. Emery,* 108 N. C., 133; *Pedrick v. R. R.,* 143 N. C., 510; *R. R. v. R. R.,* 116 N. C., 925.

Nevertheless, we do not think the plaintiff is entitled to the injunction in any view of the facts.

The plaintiff's property borders on Brevard Street in the city of Charlotte. There is no evidence that the plaintiff owns the fee in said street or any other rights than those of an abutting owner. The defendant's road does not run on its land or touch it at any point. The facts appear to be that on 14 October, 1912, the defendant purchased from the Highland Park Manufacturing Company a small strip of land on the east side of North Brevard Street opposite to the plaintiff's property, where said street turns east from Brevard Street towards Caldwell Street, and on 14 October, 1912, petitioned the board of aldermen of the city of Charlotte to be allowed to change the location of Brevard Street to the strip of land so purchased from the Highland Park Manufacturing Company, and to use the portion of Brevard Street immediately in front of the plaintiff's property for the location and construction of its railway track into the city of Charlotte, filing with said petition a blue-print showing the proposed change, with a profile of the track, its elevation, and the underpasses to be built under the track in front of the plaintiff's property.

This petition was allowed by the city authorities, and the course of the street was accordingly changed and the road constructed on what was formerly a portion of Brevard Street in front of plaintiff's property. The change in the street was made by the defendant and the road located under the direction and supervision of the city engineer and with the approval of the city authorities.

The rights of the plaintiff as an abutting owner are conceded, and it is immaterial whether it owned the fee or not. It involves simply a question of damage. As we have heretofore said: "It is immaterial whether the title of the street is in the municipality or the abutting owner. If in the former, it is a breach of the trust reposed in the authorities, and if in the latter, it is an additional burden. In either case damages or compensation will be awarded proportionate to the injury sustained." *Staton v. R. R.,* 147 N. C., 437.

The city clearly possessed the right to assent to the use of the street by the railway, and it is plain that it has given its assent. The designation

of the street to be used and the location of the route of the road through the city is a matter to be determined by the city authorities. *Griffin v. R. R., supra.*

If the plaintiff's property has been subjected to injury or additional servitude because it abuts on the street, the remedy is in damages, and not by injunction.

Affirmed.

### DEFENDANT'S APPEAL.

The court submitted to the jury an issue to establish the damage, and in response thereto the jury assessed the plaintiff's damage at $10,000. The defendant excepted to rulings of his Honor upon this issue and assigns the same as error.

The defendant excepts to the evidence of witnesses to the effect that a portion of Brevard Street running by the property of the plaintiff had been entirely occupied by the defendant; that previous thereto there was a road at this place over which the plaintiff had ingress and egress to some property which it had leased across the way or near by, and was using in its business, and that its right of ingress and egress to this lease-hold property had been injured by the construction of the railroad.

We see no error in this. Whatever damage and inconvenience the plaintiff had sustained by reason of the interruption of access to its property or by rendering it less convenient for the use to which the plaintiff had put it is an element of damage.

Other exceptions relate to the admission of evidence of certain witnesses who testified that while they could not express in dollars and cents the damage to the property on account of the defendant's fill and embankment, yet in their opinion the property had been damaged to a certain percentage of its value and had been depreciated 33⅓ per cent on account of the defendant's road. We see no objection to this testimony. It was proper to prove that after the building of the road and on account of the injury done to the plaintiff's property, it had depreciated in value.

Other exceptions relate to the refusal of the court to instruct the jury that they should not allow any damages for injury to the appearance of the plaintiff's property. The appellant asked for a special instruction upon this subject, and excepts to the refusal of the court to give this special instruction and also to what the court did instruct the jury upon the subject.

The special instruction asked for was as follows: "The court instructs the jury that, in arriving at any award, should they award damages to the plaintiff, they will not take into consideration 'any effect caused by the construction of the defendant's railroad track upon the mere appearance of the plaintiff's property."

The instruction given was as follows: "You cannot award damages to the plaintiff for any danger which may arise from apprehended fires, because if the plaintiff's property should happen to be burned by the negligence of the defendant in this respect, the plaintiff would be entitled to recovery of damages; nor would the plaintiff be entitled to recovery for such inconveniences as arise from the ordinary operation of railway trains, such as noise and smoke or the mere proximity of the railway to the plaintiff's property, or the vibrations, if any, caused by the operation of the train, except as they may affect the physical condition of the property of the plaintiff; and the same rule applies to the interference with the general appearance of the property."

We think the prayer of the defendant was substantially given, and whether a correct proposition of law or not, the defendant has no reason to complain.

Upon the issue of damages, the charge of his Honor was very clear and entirely favorable to the defendant. The proposition is laid down and enforced in the charge that damages in this case are recoverable only when they arise from some physical interference with the plaintiff's property, or physical interference with a right or use appurtenant to the plaintiff's property. His Honor carefully instructed the jury that they were to assess permanent damages and that under that issue the plaintiff could recover only one compensation for any actual direct physical injuries caused to the plaintiff's property by the construction of the defendant's road in the street in front of it.

His Honor spoke as follows: "The question is this, What is the direct damage to the value of the plaintiff's property caused by the defendant's interference with its use for the purpose for which it was established? To what extent does such interference impair the actual market value of the property? The damages recoverable are only such as arise from some physical interference with the plaintiff's property, or physical interference with a right or a use appurtenant to the property. Now, that is the rule by which you are to be guided in assessing damages. You cannot allow anything as damages based upon unknown or imaginary contingencies or events, or such as may not reasonably and naturally be expected to result to the plaintiff or to the plaintiff's property from the construction, operation, and maintenance of the defendant's road."

Upon the whole record, we find

No error.