[No. 13713. Department One. April 12, 1917.]

S. C. FARNANDIS et al., Respondents, v. THE CITY OF
SEATTLE, Appellant.[1]

JUDGMENT—RES ADJUDICATA—MATTERS CONCLUDED. Judgment in an action against a city for the removal of lateral support by regrading streets, in which the plaintiff was limited to the recovery of damages suffered within the period of thirty days prior to the filing of the claim therefor up to the date of the trial, is not res adjudicata or a bar to a second action for damages to the same lot by reason of a second slide resulting from the same improvement occurring subsequent to the trial of the first action.

SAME — RES ADJUDICATA — PLEADING AND ISSUES — PRESUMPTIONS. Upon a plea of res adjudicata, in an action limited to damages by the removal of lateral support already suffered, it must be assumed, in the absence of anything in the record to the contrary, that the former action was tried within the issues made therein, and that damages occurring subsequently to the trial were not adjudicated.

MUNICIPAL CORPORATIONS—CLAIMS—NOTICE—SUFFICIENCY. A claim against a city for damages for the removal of lateral support by regrading streets is sufficient to admit of evidence of damages through interference with ingress and egress resulting from the acts set forth in the claim, where the city, on receipt of the notice, undertook to prevent further damage and was not in any manner misled and could not have taken different steps if the condition had been more specifically called to its attention.

PLEADING—AMENDMENTS AT TRIAL—DISCRETION. Under a claim against a city for damages for the removal of lateral support from regrading streets, which alleges that the damage is a continuing one and will continue to increase, a trial amendment is properly allowed to cover damages from a slide occurring subsequent to the commencement of the action and only a short time before the trial, where no surprise was claimed or continuance asked.

[1]Reported in 164 Pac. 225

APPEAL—REVIEW — HARMLESS ERROR — INSTRUCTIONS. Prejudicial
error cannot be predicated upon an isolated part of the charge which
at most was ambiguous, where it was immediately followed by apt
and appropriate language explaining the principles of law applicable,
and the jury could not have been misled.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered June 6, 1916, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
in tort. Affirmed.

*Hugh M. Caldwell* and *Walter F. Meier*, for appellant.

*Jay C. Allen*, for respondents.

WEBSTER, J.—This is an action to recover damages al-
leged to have been caused by the removal of lateral support.
During the years 1907, 1908, and 1909, the city of Seattle
caused Main and Jackson streets to be regraded between
Tenth and Twelfth avenues in such manner as to necessitate
a cut of approximately eighty-six feet, which reached day-
light at Twelfth avenue and Jackson street; that is, the
grades met at that point. The earth on the north side of
Jackson street was of such character that, when the cut was
made, it developed a tendency to slide into the street. The
sliding continued until the property of respondents, consist-
ing of two lots facing on Main street, which was the street
immediately north of Jackson street, was invaded. In Sep-
tember, 1912, respondents instituted an action against ap-
pellant in the superior court for King county in which they
sought to recover damages caused by a slide resulting from
the removal of the lateral support to their property. In that
action respondents recovered judgment for $2,000, which
appellant thereafter paid. On the 13th day of March, 1915,
respondents caused to be filed with the city clerk of the city
of Seattle a claim for damages, in which they set forth that,
within thirty days prior to the filing of such claim, another
slide had occurred by reason of the same regrading of Jack-
son and Main streets between Tenth and Twelfth avenues.

In July, 1915, respondents commenced this, their second action, for damages against the city. For answer, appellant interposed a general denial and affirmatively pleaded the institution of the first action, the trial thereof upon the merits, the recovery of judgment, and the payment of the same, claiming that thereby all matters and things sought to be litigated in this action had previously been adjudicated. Upon the issues thus joined, the cause was tried to the court sitting with a jury, resulting in a verdict and judgment in favor of respondents.

The numerous assignments of error resolve themselves into three distinct classes and present the following questions for determination: (1) Was the judgment in the first action *res adjudicata* of the matters sought to be litigated in the present suit; (2) did the court err in receiving evidence relative to the obstruction of ingress and egress to and from respondents' property caused by the sliding out of Main street; (3) did the court err in instructing the jury.

I. In the first action, respondents were limited under the law to the recovery of such damages as they were able to prove they had suffered within the period of thirty days prior to the date of filing the claim upon which that action had been based, up to, and including, the date of the trial. Clearly they could not have recovered in that action for future or prospective injuries to their property. In *Jorguson v. Seattle*, 80 Wash. 126, 141 Pac. 334, a case involving damages due to a continuing or progressive slide, this court said:

"Construing the charter provision as applicable to all claims for damages and the statute as making the filing of the claim mandatory, as we do, it is manifest that the plaintiffs were only entitled to recover such damages as they were able to show they had suffered from the 16th day of January, 1913, up to, and including, the date of trial."

We must assume, in the absence of any showing to the contrary, that respondents were not permitted in the first

action to recover future or prospective damages, but were limited to the recovery of such damages only as they had sustained up to, and including, the time of the trial. While the evidence in that case may have taken a broad scope, there is nothing in the record before us to indicate that the cause was submitted to the jury upon an improper theory, or that respondents were permitted to recover damages for injuries to their property which might or might not thereafter occur. In the absence of a countervailing showing, we must indulge the presumption that the cause was tried within the issues, and that the court, by appropriate instructions, limited respondents' right of recovery to such damages as had already been sustained. In *Doran v. Seattle*, 24 Wash. 182, 64 Pac. 230, 85 Am. St. 948, 54 L. R. A. 532, this court went at some length into the question of the right to bring successive actions to recover damages for continuing and progressive slides, and after reviewing numerous authorities, holds that the better reasoning is with the cases which sustain the right to maintain such actions, declaring that any other rule would be not only illogical but would be fraught with doubt and uncertainty. This court is committed to that doctrine. The ruling, therefore, of the court below, that the judgment in the first action was not *res adjudicata* of the matters sought to be litigated in the present suit, was clearly right.

II. The second question for consideration relates to the reception of evidence as to the obstruction of ingress and egress to and from respondents' property by reason of the slide occurring in Main street. Appellant objected to this testimony upon the ground that the claim filed by respondents set forth interference with ingress and egress as a damage resulting from the regrading of Jackson street, and not from the sliding out of Main street. The evidence in the case was to the effect that the sliding of Main street occurred subsequent to both the filing of respondents' claim and the commencement of this action in pursuance thereof. The claim upon which the present action is predicated was for injuries

to respondents' property alleged to have been caused by the regrading of Main and Jackson streets between Tenth and Twelfth avenues, and after specifying the alleged wrongful acts on the part of appellant in making such regrade, continues with this statement:

"That by reason of said work hereinbefore stated, the said real property and the said buildings were greatly damaged, which said damage was and is a continuing one, and within thirty days last past claimants have been greatly damaged by reason of the lessened value of the real property . . . which said damage is a continuing damage and will continue to increase and enlarge."

The object of requiring claims of this character to be filed is to give timely notice to the city of the matter complained of and thus enable it to make prompt investigation and, if possible, take action to arrest the progress of the injury and minimize the damages. The evidence shows that the claim in this case fully accomplished that purpose. As has been aptly said, the purpose of notice is notice. Pursuant to the filing of the claim, appellant took timely steps for the purpose of preventing a slide into Main street, after having sought and obtained the consent of respondents to go upon their property for that purpose. The condition in Main street, concerning which the testimony complained of was offered and received, was due solely to the acts set forth in the claim filed. It is not contended that the city was in any manner misled or lulled to sleep, or that it could have taken any other or different action than it did, even though the condition in Main street had been specifically called to its attention. Indeed, respondents could not specify as an item of damage the physical obstruction in Main street until after it had occurred, and obviously the city could not then have prevented it. Its attention was specifically called to physical conditions which probably would, and in fact did, subsequently result in a slide in Main street, and that the city appreciated that fact is made manifest by its action in attempting to prevent it. The

slide into Main street was incidental to the condition, of which
the city had ample notice. *Falldin v. Seattle*, 57 Wash. 307,
106 Pac. 914; *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370,
20 L. R. A. (N. S.) 938; *Hieber v. Spokane*, 73 Wash. 122,
131 Pac. 478.

The evidence disclosed that this slide occurred only a short
time prior to the trial, and the court did not abuse its dis-
cretion in permitting a trial amendment of the complaint to
be made in order to cover that item of damage. The amount
of the claim was greatly in excess of the amount recovered.
When the amendment was allowed by the court, appellant did
not claim surprise nor did it move for a continuance, but pro-
ceeded with the trial of the case. We are of the opinion that
the court did not err in receiving the evidence relative to the
slide in Main street.

III. The assignment that the court erred in instructing
the jury is based upon an isolated portion of the charge
wherein the jury was told that it might find for respondents
in such sum as it believed they had been damaged since Feb-
ruary 13, 1915, by reason of any slides which took place
within two years prior to the filing of the complaint. If this
were the only instruction upon that question it may well be
said that the jury might have been misled by it. Clearer lan-
guage to express the idea could, no doubt, have been em-
ployed, but it was the evident intention of the trial court to
limit respondents' recovery to such damages as they had sus-
tained since February 13, 1915, and also to charge the jury
that, by reason of the statute of limitations, the action must
have been commenced within two years after the happening
of the injury of which respondents complained. The instruc-
tion at most was ambiguous, and was directly followed by this
language:

"You are instructed that, in connection with the law requir-
ing the filing of claim, if you find from the facts in this case
that the damage to plaintiffs' property occurred from slides
more than thirty days prior to the filing of plaintiffs' claim,

that is, prior to the 13th day of February, 1915, plaintiffs cannot recover from the city for any damage so sustained. If you find that a part or portion of said damage resulted to plaintiffs' property from slides prior to said 13th day of February, 1915, then you are instructed that under the law plaintiffs cannot recover in this action for such damages or partial damages as resulted to plaintiffs and their property through said prior slides."

And later in the charge, the court instructed the jury as follows:

"You are instructed that, in the event you find the plaintiff is entitled to recover, the rule to be used by you in determining the compensation is fixed by the laws of this state, and so far as it applies to this action is as follows: Take the fair ·cash market value of the property with all its physical surroundings and circumstances on a date thirty full days prior to the 13th day of March, 1915, to-wit, on February 13, 1915, and ascertain the fair cash market value upon said date. Then find the fair cash market value of the property with all its surroundings and circumstances on the date of the trial of this cause and compare the two. If you find from a fair preponderance of the evidence that the fair cash market value of the plaintiffs' property is today less than it was on the previous date mentioned, that is, on the 13th day of February, 1915, and if you further find from a preponderance of the evidence that the depreciation, if any, of said market value between said dates has resulted wholly and exclusively through and because of the acts alleged in the complaint subsequent to said 13th day of February, 1915, then I instruct you that under the law plaintiffs are entitled to recover herein, and that the measure of plaintiffs' compensation is the difference in fair cash market value between said dates."

Taking the whole charge together, instead of separating and isolating a part thereof for the purpose of criticism, it seems perfectly plain that the jury could not have been misled or confused. It would be difficult to employ more apt and appropriate language than that used by the trial court in the portions of the charge last above referred to for the purpose of explaining to the jury that respondents were

confined to a recovery of such damages only as they had suffered by means of slides occurring subsequently to February 13, 1915, and the jury must have so understood. It is well settled by the decisions of this court that, although a portion of the instructions, if standing alone, may be technically erroneous and have a tendency to confuse or mislead the jury, yet it will not constitute prejudicial error if, when taken in connection with the instructions as a whole, the jury could not have been misled as to the principles of law applicable to the issues. *Olmstead v. Olympia*, 59 Wash. 147, 109 Pac. 602; *Sudden & Christenson v. Morse*, 55 Wash. 372, 104 Pac. 645; *St. John v. Cascade Lumber & Shingle Co.*, 53 Wash. 193, 101 Pac. 833; *Manhattan Bldg. Co. v. Seattle*, 52 Wash. 226, 100 Pac. 330; *Gray v. Washington Water Power Co.*, 30 Wash. 665, 71 Pac. 206.

Upon the whole record, we are convinced that the cause was fairly tried and that there is no error warranting a reversal. Affirmed.

ELLIS, C. J., MAIN, and CHADWICK, JJ., concur.