[No. 17159. *En Banc*. December 28, 1922.]

ISLAND LIME COMPANY, *Respondent*, v. THE CITY OF
SEATTLE, *Appellant*.[1]

NUISANCES (6)—CONTINUING NUISANCES—ACTION FOR. The removal
of lateral support by the regrading of a street, causing the surface
to become unstable and continually sliding into the street, is a con-
tinuing nuisance for which damage may be recovered as often as
suit is commenced.

MUNICIPAL CORPORATIONS (403)—NUISANCES (9)—DAMAGES FOR
CONTINUING NUISANCES—MEASURE—RENTAL VALUE—REGRADING
STREETS. Where a continuing nuisance is caused by the regrading
of a street, causing the destruction of a house and continual slides
making the lot wholly unusable, the measure of damages during a
period of years should be based upon the rental value during such
time.

LIMITATION OF ACTIONS (26)—NEGLIGENT CHANGE OF GRADE—
ACTIONS NOT OTHERWISE PROVIDED FOR. An action to recover damages
from a continuing nuisance through the removal of plaintiff's lateral
support, is subject to the two year statute of limitations and not for
rents and profits under contract.

MUNICIPAL CORPORATIONS (565)—NATURE OF CLAIMS REQUIRED TO
BE PRESENTED. An action to recover damages from a continuing
nuisance through the removal of plaintiff's lateral support is sub-
ject to the city charter requiring the filing of claims for damages of
that kind within thirty days after the time when the action accrues;

[1]Reported in 211 Pac. 285.

hence no recovery can be had for damages accruing more than thirty days prior to the filing of a claim therefor.

JUDGMENT (220)—RES ADJUDICATA—SUCCESSIVE JUDGMENTS. Since successive actions may be brought to recover damages for a continuing nuisance, a former judgment for damages is not *res adjudicata* or a bar to a subsequent action for damages sustained since the former action.

Appeal from a judgment of the superior court for King county, Brinker, J., entered July 14, 1921, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Modified.

*Walter F. Meier* and *Edwin C. Ewing,* for appellant.
*Byers & Byers,* for respondent.

TOLMAN, J.—In this action respondent sought a judgment in damages based upon the rental value of a certain tract of land, situated on the east side of Fifth avenue, between Yesler Way and Terrace street, in the city of Seattle, for a period ending June 30, 1921; alleging that the property had become unusable through the action of the city in removing its lateral support and not restoring the same, thus causing a continuing nuisance.

The case was tried to the court and resulted in a judgment in respondent's favor for $8,100, being based upon a rental value of $75 per month for the period indicated.

Appellant, feeling itself aggrieved, has appealed, and raises here three questions: (1) that the wrong measure of damages was applied; (2) the statute of limitations; and (3) that the matters involved have already been adjudicated.

Taking up these questions in the order named, it appears, from a reading of the evidence, beyond question, that this was a continuing damage. The city, in 1911, re-graded the street upon which the property

fronts, and in so doing removed its lateral support, and ever since that time the surface of the lot has been unstable and continued to slide into the street, from whence the city has removed, to a greater or less extent, the debris so as to keep the street open for travel. This condition caused the destruction of the building which was upon the lot at the time of the re-grade.

In 1912, respondent brought an action against the city, claiming damages in the sum of $38,250, being $20,000 for the destruction of the building, $10,000 damages to the lot, $6,000 as loss of rentals, and $2,250, spent in an attempt to prevent the destruction of the building. In that action, respondent recovered a judgment for $7,500, based on a general verdict of a jury for that amount; and it may be assumed that some portion of the amount recovered was awarded because of loss of rentals. The present action was commenced in June, 1916. Since this was a continuing damage which the city might, by a restoration of the lateral support, have ended at any time, if such a course were practicable, it is apparent that the ordinary measure of damages for which the city now contends could not be applied. Had respondent sued for the difference in value of the property before the lateral support was removed, and after, it would have been impossible to prove that the city might not at some future time restore the lateral support, and consequently any verdict or judgment arrived at would be the result of guess or speculation as to how long the then condition would remain unchanged; and if the recovery was based upon the supposition that the city would never restore the lateral support, then it would thereby be denied the right to mitigate the damages. Moreover, the damage being a continuing one, and a new cause of action accruing from day to day or month to month, it is

apparent that a time would arrive when the value of the property would be the same. before the cause of action accrued as it was after; so, though respondent might have a lot worth say $10,000 on a day certain, one month or six months later, though in the meantime respondent, because of the continued sliding, was wholly unable to use the lot or obtain any income upon its investment therein, because the lot would still be worth $10,000, there could be no recovery. Such a rule might, though respondent was permanently deprived of the use of its property, deny it any relief against the one whose acts caused the loss.

We are firmly committed to the rule that one suffering from an injury in the nature of a continuing nuisance may recover damages as often as he brings action therefor. *Doran v. Seattle,* 24 Wash. 182, 64 Pac. 230, 85 Am. St. 948, 54 L. R. A. 532; *Farnandis v. Seattle,* 95 Wash. 587, 164 Pac. 225. Hence, it logically follows that the rule applied by the trial court of awarding damages based upon the rental value of which respondent was deprived is the correct one. Otherwise, the sufferer might be indefinitely denied the full use and enjoyment of his property without any compensation.

Appellant contends that, this being an action for damages and not an action for rents and profits recoverable under contract, the two-year statute of limitations must be applied. It was so applied without question in *Farnandis v. Seattle, supra,* and the holding in *Suter v. Wenatchee Water Power Co.,* 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881; *Denney v. Everett,* 46 Wash. 342, 89 Pac. 934, 123 Am. St. 934; *Welch v. Seattle & Montana R. Co.,* 56 Wash. 97, 105 Pac. 166, 26 L. R. A. (N. S.) 1047, and *White v. King County,* 103 Wash. 327, 174 Pac. 3, is conclusive upon this point. The two-year statute is applicable as is also the pro-

vision of the city charter requiring the filing of claims for damages of this character within thirty days after the time when such claim accrues.

What has already been said practically disposes of the issue of *res judicata.* In the early case of *Doran v. Seattle, supra,* the subject was fully considered and the rule adopted that, where the damage is a continuing one, successive actions may be brought, hence respondent is not barred by its recovery in 1912 from now seeking redress for damages sustained since the former action was tried.

By reason of the failure to file its claim in the office of the city clerk until May 28, 1915, respondent may not now recover for any period prior to thirty days immediately preceding such filing, and the judgment must be modified accordingly.

Appellant will recover its costs in this appeal, and the case will be remanded with instructions to modify the judgment as herein indicated.

Reversed and remanded.

HOLCOMB, MAIN, BRIDGES, MACKINTOSH, MITCHELL, and PEMBERTON, JJ., concur.