[No. 18954. Department One. March 4, 1925.]

ISLAND LIME COMPANY, *Respondent,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (190, 197)—STREETS—IMPROVEMENTS—
DAMAGES—REMOVAL OF LATERAL SUPPORT—PLEADING—COMPLAINT—
SUFFICIENCY. A complaint against a city for the removal of lateral
support to a lot, causing a slide, is not subject to demurrer on the
ground that the weight of a building thereon contributed to the
slide, where it does not appear from the complaint that there was
any building on the lot.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered April 19, 1924, in
favor of the plaintiff, in an action in tort, tried to the
court. Affirmed.

*Thomas J. L. Kennedy* and *Ray Dumett* (*Edwin C.
Ewing,* of counsel), for appellant.

*Byers & Byers,* for respondent.

ASKREN, J.—This action in its essential facts is the
same as *Island Lime Co. v. Seattle,* 122 Wash. 632, 211
Pac. 285. The damages sought herein were for a later
period of time than those covered by the former action.
The trial court entered judgment in the sum of $910,
and the defendant appealed.

Appellant makes four assignments of error: first,
that its demurrer to the complaint should have been
sustained; second, that the matters involved had been
adjudicated; third, the statute of limitations; and
fourth, the wrong measure of damages was applied.

The trial court followed our decision in *Island Lime
Co. v. Seattle, supra,* and its ruling on the last three
of these questions was in strict accordance with our
holding in that case.

[1]Reported in 233 Pac. 273.

The first assignment of error, based upon the over-ruling of the demurrer to the complaint, presents a different question. The complaint alleged that the city of Seattle had removed the lateral support to its property, causing the same to slide, and it seems to be the contention of appellant that since the property, at the time of the removal of the lateral support, had upon it a three-story building, it was necessary to allege that the soil in its natural state unincumbered by the weight of the building would not have stood after the excavation. There was nothing in the complaint to show that there was any building thereon at the time of the bringing of the action, or at any time prior thereto, so that, as to a demurrer, there was sufficient cause of action stated.

The appellant, in its answer, set up an affirmative defense wherein it pleaded that the lot in question had a building upon it at the time of the excavation, and that the weight of the building caused the earth to slide. The respondent denied that the weight of the building contributed to the slide, and at the trial evidence was taken on this point. The court made no finding upon the question of whether the weight of the building caused the earth to slide, but the record is sufficient to show conclusively that the building which was on the property at the time the excavation was made was totally destroyed by the slide within two years, and that since approximately 1912 or 1913, the date of the loss of the building, the earth has continued to slide and has not yet come to rest. Upon this state of the evidence it appears that the earth, unincumbered by the building, has been moving by reason of the excavation.

We are urged by appellant to overrule or distinguish many of our previous decisions touching the question of eminent domain, lateral support and measure of

damages, but we think it unnecessary so to do for the purpose of a decision in this case.

The judgment is therefore affirmed.

TOLMAN, C. J., BRIDGES, PARKER, and MAIN, JJ., concur.