[No. 19079.    Department One.    May 14, 1925.]

SEATTLE MATTRESS & UPHOLSTERY COMPANY, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS (191)—DAMAGES FROM CHANGE OF GRADE —EVIDENCE—ADMISSIBILITY. In an action against a city for damages to abutting property from a change of street grades, it is error to exclude evidence of the cost of reconstructing buildings to conform to the new grade, upon the issue as to the value of the property before and after the change, although the witnesses did not testify in terms as to the value; where the entire property could only be used as a unit and the market value was seriously impaired unless the present building could be readjusted to grade.

Appeal by plaintiff from a judgment of the superior court for King county, Card, J., entered June 20, 1924, upon findings in favor of the plaintiffs, in an action for damages to real property, tried to the court. Reversed.

*Wright, Froude, Allen & Hilen,* for appellant.

*Thomas J. L. Kennedy* and *Ray Dumett* (*Edwin C. Ewing,* of counsel), for respondent.

[1]Reported in 236 Pac. 84.

MAIN, J.—By this action the plaintiff sought to recover damages to property which it owned in the city of Seattle, by reason of the change in grade of the street upon which the property abutted. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment allowing damages in the sum of $350. From this judgment, the plaintiff appeals.

The sole question is the amount of damages which the change of grade in the street caused.

The appellant is the owner of three tide land lots in the city of Seattle which have not been filled. These lots front upon Sixth avenue south and extend from that street to what would have been Fifth avenue south. There is, however, no Fifth avenue south because what would have been that street is now occupied by railway tracks. The only street access to the property is from Sixth avenue south. In 1908 the appellant had plans drawn for a factory building which would cover the three lots. Two units of the building were constructed at that time, the east end of these units being fifty-eight feet west of the west marginal line of Sixth avenue south. From the street, the buildings were reached by a runway. The buildings now erected are three stories in height, and the second story was on the level with the grade of Sixth avenue south as it was at the time the buildings were constructed.

In 1921, the city lowered the grade of Sixth avenue south approximately seven and one-half feet. This leaves the present buildings of the appellant off grade, and, as stated, the question is what amount of damages has been sustained by reason of that fact. The appellant offered evidence showing that the cost of reconstructing the buildings already erected to the present grade of Sixth avenue south would be approximately $18,000. Expert witnesses were called and testified

that the depreciation in the market value of the property was equal to what it would cost to reconstruct the buildings to the new grade. The city offered expert testimony to the effect that no damage had been sustained by the appellant by reason of the change in grade. The trial court refused to consider the evidence of the appellant's witnesses because they did not testify in terms the value of the property before and after the change of grade.

It is a rule, over which there is no controversy, that the measure of damages is the difference in the value before and after. An element of this damage was what it would cost to reconstruct the building to grade. The fact that the witnesses did not in terms testify to the value before and after does not, under the peculiar facts in this case, justify the rejection of that testimony as being of no value. *Brennan v. Corsicana Cotton-Oil Co.,* 44 S. W. (Tex. Civ. App.) 588; *South Atlantic Waste Co. v. Raleigh, C. & S. R. Co.,* 167 N. C. 340, 83 S. E. 618; *Albin v. Seattle,* 125 Wash. 437, 216 Pac. 879; 20 C. J. 752; *Watson v. Mississippi River Power Co.,* 174 Iowa 23, 156 N. W. 188.

The evidence establishes the fact that this entire property can only be used in a practical way as one unit. It is also apparent that the market value of the property was seriously impaired unless the present buildings could be adjusted to grade. There is no practical way by which the buildings now constructed could be used without adjusting them to the new grade when the third unit of the building should be erected upon the fifty-eight foot strip. After considering all of the evidence offered by the respective parties, taking into consideration the amount of damages which the evidence offered by the appellant would sustain, and the testimony of the respondent's witnesses that there was no damage by reason of the change of grade,

we are of the opinion that the appellant is entitled to recover not the full amount claimed, but $12,000.

Upon the trial the appellant offered to show that, under the present ordinances of the city, the building is higher above the present grade of Sixth avenue south than is permissible. This evidence was rejected and error is claimed on that account. Whether the ruling was correct need not now be determined, in view of the fact that we are allowing the appellant damages for the purpose of adjusting the property to grade and when it is so adjusted it will conform to the fire ordinances.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

TOLMAN, C. J., BRIDGES, ASKREN, and PARKER, JJ., concur.