[No. 19901.   Department One.   October 8, 1926.]

R. H. HAMM *et al., Respondents,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

[1] JUDGMENT (217)—RES JUDICATA—IDENTITY OF ISSUES.   Where, in
two former suits, it was determined that slides of property abut-
ting upon a street were caused by a city's regrade of the street,
and it is admitted that the present slide was simply a progres-
sion of the former slides, the liability of the city is *res adjudi-
cata.*

[2] MUNICIPAL CORPORATIONS (185)—IMPROVEMENTS—DAMAGES—
CHANGE OF STREET GRADE—ACTIONS—INSTRUCTIONS.   In an action
for removal of lateral support through a regrade of a street, it
is proper to instruct that the mere fact that there was no sale
or market for property in the district, does not in law take away
all value of such property.

[3] APPEAL (460)—HARMLESS ERROR—INSTRUCTIONS—PREJUDICIAL
EFFECT.   In an action in tort for the removal of lateral support,
it is harmless error to instruct that the constitution provides
that no property shall be taken for public or private use with-
out just compensation, where, under the facts shown, the re-
covery of damages was inevitable in any event.

[4] MUNICIPAL CORPORATIONS (185, 191)—IMPROVEMENTS—CHANGE OF
STREET GRADE—MEASURE OF DAMAGES.   In an action for the re-
moval of lateral support, resulting in the demolishing of one of
the houses on the lot, the jury was not misled by an instruc-
tion that the measure of damages is the difference between the
fair market value before and after the slide, and that the plain-
tiff could recover the fair value of the house demolished, where
it was made clear that no double recovery could be given.

Appeal from a judgment of the superior court for
King county, James, J., entered October 13, 1925, upon
the verdict of a jury rendered in favor of the plaintiffs,
in an action in tort.   Affirmed.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for
appellant.

*Frank S. Griffith* and *Jay C. Allen,* for respondents.

[1]Reported in 249 Pac. 778.

ASKREN, J.—This is an action to recover damage to property resulting from a slide caused by the regrade of Jackson street in Seattle.

From a judgment rendered on the verdict of a jury in plaintiff's favor the city of Seattle has appealed.

[1] The first ground for reversal urged is that the court erred in refusing the admission of evidence offered by the city to show that the slide was caused by excavations made by private owners of property, and not from the regrade of Jackson street. The record shows that in 1912 the respondents recovered judgment from appellant for the original slide. In 1915 another suit was brought for a continuation of the slide and recovery was had by respondents. Upon appeal, the judgment was affirmed. *Farnandis v. Seattle,* 95 Wash. 587, 164 Pac. 225. In both cases the question of whether the slide was caused by the regrade of Jackson street or by excavations on private property was submitted to the jury, and a decision adverse to the city returned.

In this case it was claimed by respondents that the slide was a continuation of the former slides. The city witnesses did not take a different view of the situation. Its witness Morse testified that he was a hydraulic engineer and contractor and had charge of the regrading of Jackson street as engineer, and that the 1921 slide in question was "simply a progression of the former slides." The court thereupon held that the judgments in the former actions were *res judicata* as between the parties, in so far as they established the liability of the city for the slides. In this we think the court clearly right. The issue as to whether the regrade or private excavations caused the original slide having been twice litigated, and there being no dispute that the present slide is but a progression of the former, there was no error in not submitting the

same issue again. The fact that the demand is different cannot affect the doctrine as applied here. Parties can not continually litigate the same question between themselves. In *Edwards v. Wallace,* 108 Ark. 574, 158 S. W. 1073, the court said:

" 'The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, where the question upon which the recovery of the second demand depends has, under identical circumstances and conditions, been previously concluded by a judgment between the parties or their privies.' "

Black on Judgments (2d ed.), vol. 2, § 742, states the matter thusly:

"According to the generally accepted doctrine, in an action for the continuance of a trespass or nuisance, a former proceeding upon the same cause of action and between the same parties, or those under whom they claim, wherein judgment was recovered by the plaintiff, is conclusive of the rights of the parties; the defendant is estopped to deny the existence or character of the nuisance or the plaintiff's right to recover, and the latter need only prove that the nuisance remains in the same condition as before, or in a more or less damaging condition."

[2] Objection is next made to an instruction given by the court, wherein the court told the jury that the mere fact that there was no sale or market for the property in the regrade district did not in law take away from such property all value, but that, if the property itself had a value, whether it could then be sold or not, and such value was lessened by the slide, then a recovery could be had. It is said that by this instruction the jury were told that recovery could be had for damage to property that was without value. But we think this is not the effect of the instruction.

Considering the testimony offered, some of which tended to establish that there was little, if any, sale of property in the regrade district because of the slides, we think the jury would understand that the court meant to convey the idea that lack of sales whereby market price is usually established did not necessarily deprive property of value and prevent recovery of damage thereto.

[3] Complaint is made of instruction No. 15, which was as follows:

"Under the constitution and laws of this state, no private property may be taken or damaged, for a public or private use, without just compensation being paid therefor."

It is urged that the instruction was erroneous because the cause of action was one in tort for the removal of lateral support, and the constitutional provision entirely inapplicable. The objection is sound. *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Jorguson v. Seattle,* 80 Wash. 126, 141 Pac. 334.

But we do not think that reversal should necessarily follow. A statement of law inapplicable under the facts and pleadings, but which could in no wise prejudice or mislead the jury, cannot be considered reversible error. Under the facts shown liability had been established and recovery was inevitable if damage had occurred. The constitutional provision could neither add to, nor detract from, the right to recovery, and the greatest weight it could possibly have been given by the jury was to establish the right to recover. But the court had already told them that liability was established, so we conclude that no harm could come from this instruction.

[4] Upon the measure of damages, the court gave the following instruction:

"If you believe from the evidence that a slide or slides did occur on or about the 5th day of February, 1921, or subsequent, and that within thirty days thereafter plaintiff filed a claim or claims for damages caused thereby, and if you further find that by reason of said sliding a building of the plaintiffs, called in the testimony the West house, was demolished, then I charge you that the plaintiff would be entitled to recover the fair value of said house at the time it was demolished."

Appellant finds fault with this instruction because it claims that it permitted a double assessment of damages. The evidence showed that one of the houses situated on the property of respondents was demolished by the slide. There was evidence offered as to the value of the property before and after the slide. There was evidence as to the value of the house destroyed, and also as to rental values of the property. The court gave a proper instruction explaining that the damage ascertained by the jury must be the difference between the fair market value of the property before the slide and the fair market value at the time of the trial. This was followed by instructions regarding ascertainment of rents and the one just set out with reference to the house destroyed. Appellant urges that the jury would understand that the court instructed them to ascertain the difference in value of the whole property, which would include the house destroyed, and then add to this the value of the house alone.

It must be confessed that this instruction standing alone might be subject to this construction. But instructions of the court are to be taken and considered as a whole. *Farnandis v. Seattle, supra.* To sustain the objection of appellant, we must assume that the jury gave damages twice for the house in question. This, of course, no jury would knowingly do. There was nothing in the evidence to cause the jury to believe

that a double recovery should be had. The pleadings did not suggest such a contention. No argument by counsel would be permitted to be made to the jury even hinting at such a construction of the instruction, and, of course, nothing of this kind was intended by either counsel or the court. It would have been better if the instruction complained of had also contained words expressly stating that the value of the house was only to be considered in determining the difference in market value of the property, but, as we said in *Brammer v. Percival,* 133 Wash. 126, 233 Pac. 311:

"It may be true that the instruction complained of could have been couched in language that would be entirely free from the construction placed on it by the appellant, but it must be remembered that the trial court cannot always choose the words contained in an instruction with the same degree of precision and nicety that is accorded to counsel in preparing the case for the appellate court. It is sufficient if the instruction fairly states the law and it be apparent that the jury could not be misled thereby.' *Cheichi v. Northern Pacific R. Co.,* 66 Wash. 36, 118 Pac. 916; *Johnson v. Smith,* 118 Wash. 146, 203 Pac. 56.''

Criticism is also made of other instructions given by the court, but, as we view them, they were proper under the evidence in the case, and the ground upon which recovery was sought. Particular objection is made to the one concerning the menace of slides upon the property, upon the ground that it allowed recovery for future slides. But we think the jury would understand the instruction to refer to a condition existing and affecting market value during the time for which damages were sought, and not as authorizing a recovery for damages in the future.

Finding no reversible error in the record, the judgment is affirmed.

TOLMAN, C. J., HOLCOMB, and BRIDGES, JJ., concur.