[No. 20487.   Department Two.   July 12, 1927.]

ISLAND LIME COMPANY, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

[1] MUNICIPAL CORPORATIONS (190, 575)—DAMAGES—REMOVAL OF LATERAL SUPPORT—PLEADING. After the accrual of a cause of action against a city for a continuing nuisance through the removal of lateral support, causing slides, the city cannot change its position or plead as a defense its change of attitude, not announced during the period covered in the complaint.

[2] COSTS (82)—ON APPEAL—DAMAGES OR PENALTY FOR FRIVOLOUS APPEAL OR DELAY. An order denying a motion to dismiss an appeal and assess a penalty, asked because the appeal was taken for delay, is final and bars further consideration of the penalty.

Appeal from a judgment of the superior court for King county, Stern, J., entered April 3, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Thomas J. L. Kennedy, Ray Dumett*, and *A. C. Van Soelen*, for appellant.

*Byers & Byers*, for respondent.

[1] Reported in 257 Pac. 842.

TOLMAN, J.—This action grows out of the same conditions and is the same in all essential details, save one, as the two former actions between the same parties which have been before this court, *Island Lime Co. v. Seattle,* 122 Wash. 632, 211 Pac. 285, and *Island Lime Co. v. Seattle,* 133 Wash. 270, 233 Pac. 273. The only differences between this and the former actions are that this action covers a later period of time and that the city, by way of an affirmative defense, pleaded the change of grade, the condemnation and the removal of lateral support, etc., etc., and

"That the only way in which a lateral support to the soil within said lot four (4) could now be furnished by this defendant to take the place of the lateral support formerly furnished by the soil within said Fifth avenue, would be the construction of a bulkhead or retaining wall within the boundary lines of the contiguous land over which the city of Seattle has jurisdiction and control, to-wit, the said Fifth avenue, and by reason of the premises such construction is both impracticable and impossible and the defendant therefore does not intend to undertake the same, and, furthermore, such construction, under the circumstances involved, is not an obligation imposed by any rule of law upon this defendant."

A motion to strike and a demurrer were interposed to this affirmative defense, and, by order of the court commissioner, it was stricken. The city sought a review of the commissioner's ruling by the trial court, and that was denied. To all of these rulings, the city duly excepted, and thereafter filed an amended answer omitting this affirmative defense. The cause proceeded to trial on March 31, 1926. After a jury had been impaneled to try the case, counsel for the city again announced to the court the substance of what had been pleaded and stricken from the answer, and

asked leave to present that defense upon the trial not-
withstanding the state of the pleadings, and also to
amend its answer so as to re-incorporate this defense,
which application was denied. The trial proceeded,
resulting in a judgment against the city, from which
it appeals.

[1] The appellant assigns error both upon the rul-
ing of the court commissioner and the refusal to re-
view that ruling, and also upon the ruling refusing its
application to amend upon the trial.

As already indicated, the complaint stated causes of
action based upon the continuing nuisance which de-
prived the respondent of the use of its property for a
period ending with September, 1925, and those causes
of action had fully accrued before the suit was com-
menced. At no time during the period covered by the
allegations of the complaint had the city announced
any change of position or attitude, and we are at a loss
to understand how, after a cause of action has fully
accrued and action thereon has been begun, the de-
fendant can by a change of position affect the liability
which has already become fixed.

We do not, and cannot, determine in this action what
effect the announced change of attitude by the city
will, or may, have upon claims for damages thereafter
accruing. That question must wait until it is pre-
sented properly. But that the issues now presented
could not affect a cause of action already accrued
seems too obvious to require further comment. It fol-
lows that the trial court did not err in its rulings.

[2] Respondent in its brief has moved for the as-
sessment of a penalty, on the ground that the appeal
was taken for the purpose of delay only. We find that
a motion to dismiss the appeal upon that ground and
to assess a penalty was heretofore presented, and by
order of this court dated March 4, 1927, was denied.

That order has become final and is an adjudication of this question which bars its present consideration.

The judgment appealed from is affirmed.

MACKINTOSH, C. J., HOLCOMB, FRENCH, and PARKER, JJ., concur.