[No. 22356. Department One. April 9, 1930.]

R. H. HAMM *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 286 Pac. 657.

*Allen & Walthew,* for appellants.

*Thomas J. L. Kennedy* and *Arthur Schramm,* for respondent.

PARKER, J.—The plaintiffs, Hamm and Farnandis, seek recovery of damages from the defendant city claimed as the result of a threatened earth slide menacing the lateral support to their property, caused by act and neglect of the city. The case came on for trial upon the merits in the superior court for King county. A jury was duly impaneled for the trial of the case. Thereupon counsel for the plaintiffs made his opening statement to the jury, in the course of which he made affirmative statements of fact which, taken together with facts admitted in the pleadings, counsel for the city conceived as affirmatively showing that plaintiffs had no cause of action for damages against the city. Counsel for the city then, accordingly, moved upon that ground for judgment in favor of the city denying to plaintiffs recovery. The trial court granted this motion, and judgment in favor of the city was rendered accordingly, from which the plaintiffs have appealed to this court.

As we read this record, the controlling facts of this controversy, affirmatively appearing by the admissions in the pleadings and the opening statement of appellants' counsel, may be fairly summarized as follows: Jackson street in Seattle runs east and west. One block north of Jackson street is Main street, running east and west. Appellants have for many years past owned two lots in a block between those streets, fronting north on Main street and extending back south to the east and west center line of the block. The south half of the block is composed of a row of lots fronting south on Jackson street and extending back north to the east and west center line of the block.

About the year 1909, the city improved Jackson street by lowering the physical grade thereof, thereby making a deep cut in the street. This improvement, in a large measure, removed the lateral support of the south half of the block, causing the ground thereof to slide towards and onto the new grade of Jackson street. The removal by the city of the earth so sliding into Jackson street caused further sliding from the block onto Jackson street from time to time; which sliding eventually removed the lateral support to appellants' lots.

Appellants' lots being so invaded, they sued the city for that damage and recovered judgment therefor; which judgment the city paid. Thereafter another slide occurred, similarly invading appellants' lots, which was caused by the city in the same manner. Thereupon appellants again sued the city for that damage and recovered judgment therefor; which judgment the city paid. Thereafter another slide occurred in 1921, similarly invading appellants' lots, which was caused by the city in the same manner. Thereupon appellants again sued the city for that damage and recovered judgment therefor; which judgment the city paid. These second and third judgments were appealed to and affirmed by this court. *Farnandis v. Seattle,* 95 Wash. 587, 164 Pac. 225; *Hamm v. Seattle,* 140 Wash. 427, 249 Pac. 778; 143 Wash. 700, 255 Pac. 655.

Since 1921, there has been some sliding of the ground from the south half of the block into Jackson street, which the city has removed from time to time. The sliding, since 1921, has not at any time physically invaded any portion of appellants' lots; that is, has not removed their lateral support so as to in the least physically disturb them. It may be conceded that, since 1921, the sliding from the south half of the block

onto Jackson street from time to time and the city's removal from Jackson street of such sliding earth, has, and is, threatening to cause the lateral support to appellants' lots to be removed so as to physically invade them. Counsel for appellants, in his opening statement, made it plain that no recovery of damages was sought in this action for any sliding which physically disturbed the soil of their lots since 1921. At the conclusion of his statement, the following occurred:

"MR. SCHRAMM [counsel for the city]: Counsel has told me that he is not claiming there has been a slide or movement of that property since 1921. MR. ALLEN [counsel for appellants]: No, I am not claiming that. MR. SCHRAMM: This is based on the 1921 slide? MR. ALLEN: No, it is based on the condition that the property has been left in. But there has been no slide since 1921. The menace is there. MR. SCHRAMM: Counsel in his opening statement said that there had been no further slide on this property since 1921. MR. ALLEN: That is, on the property itself; but at the foot of the hill there is a big slope. It keeps coming into Jackson street from the direction of our property. THE COURT: I understood you, Mr. Allen, to state that there had been no physical change upon the lot itself. MR. ALLEN: That is what I say now, but I say that the lateral support to the south has been moving away and falling into Jackson street."

Thus, it becomes plain by the statement of counsel for appellants that there has been no slide or removal of earth from appellants' property since 1921. This action was commenced in June, 1927, seeking recovery of damages from the city measured by loss of its rental value since November, 1925, claimed as the result of further slides threatening the removal of the lateral support to appellants' lots.

In our present inquiry as to whether or not the admissions in the pleadings and the statements of counsel made in his opening statement to the jury

called for the judgment rendered in favor of the city, we must, of course, strictly observe the rule that facts so appearing

" . . . must either include matter which constitutes a complete defense to the action, or must affirmatively and expressly exclude matters essential to the plaintiffs' right of recovery, before the trial court is warranted in entering judgment thereon."

See *Carter v. King County,* 120 Wash. 536, 208 Pac. 5, and our prior decisions therein noticed.

It seems plain to us that appellants cannot recover in this action, since it affirmatively appears that their property has not been in the least physically disturbed in its lateral support since the year 1921. Not only has appellants' right to recovery of damages for the removal by act of the city of lateral support to their lots in 1921 and prior thereto, been adjudicated and paid, but any right of action or actions for all such damage would be now clearly barred by our statutes of limitation. It was upon this theory that the city moved for, and the trial court awarded, the judgment in favor of the city. Counsel for appellants cite and particularly rely upon our decisions in *Island Lime Co. v. Seattle,* 122 Wash. 632, 211 Pac. 285; *Island Lime Co. v. Seattle,* 133 Wash. 270, 233 Pac. 273, and *Island Lime Co. v. Seattle,* 144 Wash. 296, 257 Pac. 842. Those were successive suits to recover damages suffered as the result of acts of the city causing continuing or successive slides, all of which physically invaded the lime company's property; that is, caused actual removal of the lateral support to, and physically disturbing, their property. No decision has been brought to our attention awarding recovery of damages rested upon a mere threat or probability of removal of lateral support. Our decision in *Marks v. Seattle,* 88 Wash. 61, 152 Pac. 706, plainly recognizes

it to be the law that no cause of action for damages arises for or in connection with the removal of lateral support until such removal has actually occurred, to the extent of physically disturbing the property. This is not a case of physical invasion of or interference with appellants' property; nor is it a case of interference with access to appellants' property; nor is it a case of the casting of fumes, smoke, cinders, sawdust or other offensive or damaging physical emanations over appellants' property.

Some contention is made in behalf of appellants that the trial court erred in rendering a final judgment upon the merits of the case; that is, that the case be "dismissed with prejudice." It seems plain to us that the facts above noticed, affirmatively appearing in the admissions of the pleadings and by statement of appellants' counsel, call for the final judgment upon the merits as rendered by the trial court.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, and MILLARD, JJ., concur.

BEALS, J. (dissenting in part)—I concur in the result reached by the majority save in so far as the dismissal of the action with "prejudice" is applied. In my opinion those words should be deleted from the judgment appealed from.